**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| THE LAW FUNDER, LLC, | ) | |
| | ) | Civil Action No.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| SERGIO MUNOZ, JR., ESQ., AND LAW OFFICES OF SERGIO MUNOZ, JR., P.C. D/B/A THE MUNOZ LAW FIRM, | ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, the Law Funder, LLC. ("Law Funder"), as and for its Complaint (hereafter, the "Complaint") against the above-captioned defendants (collectively, the "Defendants"), defendant Sergio Muñoz, Jr. ("Muñoz") and the Law Offices of Sergio Munoz, Jr., P.C. d/b/a The Munoz Law Firm ("Muñoz Law"), a Texas law firm, alleges:

**NATURE OF THE ACTION
I.**

1. Plaintiff, Law Funder, brings this action against Muñoz and his law firm, Munoz Law, for legal malpractice.

2. Plaintiff, Law Funder, retained Muñoz and Muñoz law to represent Law Funder in a litigation matter styled <u>In the Matter of the Marriage of Maria De Jesus Garcia and Wilfredo Garcia</u>, Cause No.: F-551-05-K in Hidalgo County, Texas ("Garcia Divorce Case").

1

3. After years of litigation, Judge Jesse Contreras, the presiding judge in the Garcia Divorce Case was disqualified by Judge Alcala as a result of having a corporate association with Defendant Muñoz that continued during the time that he became a Judge and was in existence when Muñoz appeared for Law Funder, which was a party in the case.

4. Muñoz did not disclose this relationship to Law Funder.

5. Had Law Funder been made aware of this corporate association, Law Funder would have retained other counsel to represent its interest in the Garcia Divorce Case.

6. Muñoz knew of the conflict at the start of litigation and at the time that Muñoz was retained by Law Funder.

7. Muñoz violated his fiduciary duty to Law Funder, acted negligently in his representation of Law Funder, and committed legal malpractice.

## PARTIES
## II.

8. Plaintiff Law Funder is a litigation funding company whose primary business is the purchasing – on a non-recourse basis – of contingent interests in pending litigation. Specifically, Law Funder purchases from plaintiffs or attorneys seeking funding a portion of their prospective interest in pending litigation. If a case is decided favorably, Law Funder is entitled to reimbursement of their purchase price and interest pursuant to a set schedule. If a case is lost, the plaintiffs or attorneys that sold a portion of their contingent interest have no obligation to reimburse Law Funder. Law Funder is a resident and citizen of the State of New Jersey. Law Funder is not and never has been a citizen of the State of Texas.

9. Defendant Sergio Muñoz, Jr., Esq. ("Muñoz") is an attorney licensed to practice in the State of Texas. Muñoz is a resident and citizen of the State of Texas. His office address is

1110 S. Closner Blvd., Edinburg, TX 78539.  Munoz may be served with personal service of process and citation at that address and location.

10.     Defendant Law Offices of Sergio Munoz, Jr., P.C. d/b/a The Munoz Law Firm ("Muñoz Law Firm", and collectively with Muñoz, "Defendants") is a Texas professional corporation and is a resident and citizen of the State of Texas.  Defendant Munoz Law Firm may be served with personal service of process and citation through the following registered agent at the following address:

> Sergio Munoz, Jr.
> Law Offices of Sergio Munoz, Jr., P.C.
> 1110 S. Closner Blvd.
> Edinburg, TX 78539

## JURISDICTION AND VENUE
### III.

11.     This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. §1332 because this suit is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and cost.

12.     Venus is proper in this Court in accordance with 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims complained of occurred in this District.

## FACTUAL ALLEGATIONS
### IV.

13.     In 2005, a divorce proceeding was initiated between Maria de Jesus Garcia and Wilfrido Garcia in Hidalgo County.  A portion of the Garcia's marital estate consisted of Mr. Garcia's ownership interest in Sevicios Legales de Mesoamerica S. de R.L. ("SLM") a Mexican law firm.

14. During the pendency of the divorce, several parties either joined or intervened. Some of these parties were claiming an interest in the proceeds from SLM, including Plaintiff Law Funder.

15. In or about May 2011, Law Funder retained the services of Defendants to represent them in the Garcia Divorce Case.

16. At the time, Judge Contreras was the presiding judge on the Garcia Divorce Case.

17. On or about April 30, 2012, Douglas Allison, Esq., an attorney and intervenor-defendant in the Garcia Divorce Case filed a motion to disqualify and/or recuse Judge Contreras on the basis that there was a business relationship between Law Funder's attorney, Defendants Muñoz, and Judge Contreras.

18. The Petitioner in the Garcia Divorce Case, Maria de Jesus Garcia, also filed a motion to recuse Judge Contreras on or about April 30, 2012.

19. At no point did Defendants advise Law Funder that they had a pre-existing business relationship or a professional corporation, Contreras & Munoz, P.C., with Judge Contreras.

20. Defendants opposed the motions to disqualify and recuse Judge Contreras.

21. A hearing was held before Senior District Judge, Dick Alcala on or about July 2, 2012 to address the motions to disqualify and recuse Judge Contreras.

22. At this hearing, the Court ruled that Judge Contreras was disqualified from hearing the Garcia Divorce Case pursuant to rule 18b(a)(1) because of the corporate association with Defendant Sergio Muñoz, Jr., that was in existence when they were lawyers together and continued through the time Muñoz appeared for Law Funder.

23. Judge Alcala further disqualified Judge Contreras pursuant to Rule 18b(a)(2) because Judge Contreras arguably had an interest in the subject matter of the litigation and the Court resolved that doubt in favor of disqualification.

24. On or about July 6, 2012, Judge Alcala entered an Order disqualifying Judge Contreras.

25. On or around this date, a motion for reconsideration was filed by counsel for the court-appointed receivers in the Garcia Divorce Case.

26. This motion was joined by counsel for Law Funder.

27. Upon information and belief, the motion for reconsideration was subsequently denied.

28. On or about July 13, 2012, counsel for Wilfrido Garcia, filed a petition for a Writ of Mandamus.

29. The petition for a Writ of Mandamus was denied in late December 2012.

30. Defendants continued their representation of Plaintiff throughout this time.

31. On or about June 13, 2013, an Order was entered by the Court voiding and nullifying all orders signed by Judge Contreras from April 2009 through his disqualification on July 2, 2012.

32. As a result, Law Funder has sustained a significant amount of damages which is greatly in excess of the amount in controversy required for diversity jurisdiction.

## CAUSES OF ACTION
## V.

### COUNT 1. NEGLIGENCE

33. Law Funder incorporates by reference all prior allegations of this Complaint as if set forth at length herein.

34. Mr. Munoz, as an attorney, owed a duty to Plaintiff, as a client, to exercise the degree of care, skill, or diligence that an attorney of ordinary skill and knowledge possesses. Defendants owed a duty to represent Plaintiff competently and within the standards of a reasonable and prudent attorney.

35. Defendants' negligent acts or omission breached that duty.

36. As a result of the negligence of Defendants, Plaintiff has suffered damages and continues to suffer damages.

## COUNT II.  BREACH OF FIDUCIARY DUTY

37. Law Funder incorporates by reference all prior allegations of this Complaint as if set forth at length herein.

38. Defendants, in equity and good conscience, were under a duty to act in good faith and with due regard for the interests of Plaintiff.  Plaintiff placed a special degree of confidence in Defendants in acting on behalf of Plaintiff in the Garcia Divorce Case.  Plaintiff relied on Defendants to act in Plaintiff's best interest in representing Plaintiff.  As a fiduciary to Plaintiff, Defendants owed Plaintiff the duty of loyalty and utmost good faith, duty of candor, duty to act with integrity of the strictest kind, and a duty to inform Plaintiff of a conflict of interest.  As set forth above, Defendants breached each of these duties owed to Plaintiff.   Additional facts in support of breach of fiduciary duty will be identified through discovery.

39. As a result of Defendants' breach of fiduciary duties, Plaintiff has been and continues to be damaged.

## COUNT III.  LEGAL MALPRACTICE

40. Law Funder incorporates by reference all prior allegations of this Complaint as if set forth at length herein.

41. Defendants owed Plaintiff a duty to represent Plaintiff competently and within the standards of a reasonable and prudent attorney.

42. Defendants violated the duty they owed Plaintiff of honesty, loyalty, and competent representation.

43. The Defendants violated the necessary standard of care and breached their fiduciary duty to Plaintiff by failing to advise Law Funder of the prior professional relationship between Judge Contreras and Defendant Muñoz.

44. The Defendants further violated the necessary standard of care and breached their fiduciary duty to Plaintiff by failing to disclose the existence of the professional corporation, Contreras & Muñoz, P.C.

45. The Defendants were aware that this relationship would create a conflict of interest between Defendants and Plaintiff.

46. The Defendants were further aware that this relationship could lead to disqualification of Judge Contreras.

47. The Defendants had a duty to advise Plaintiff of the professional relationship and corporate association with Judge Contreras.

48. The Defendants failed to advise Plaintiff of the professional relationship or the corporate association with Judge Contreras.

49. The Defendants professional relationship and corporate association with Judge Contreras ultimately led to Judge Contreras' disqualification.

50. As a result of Judge Contreras' disqualification, all of the orders entered by Judge Contreras were nullified and voided, which reversed years of litigation by Plaintiff that cost Plaintiff over a million dollars.

51. The Defendants actions were the cause of the damages sustained by Plaintiff.

## COUNT IV. FEE FORFEITURE

52. Law Funder incorporates by reference all prior allegations of this Complaint as if set forth at length herein.

53. In addition to any other relief granted hereunder this Court should enter a Decree of Fee Forfeiture against Defendants for their breach of fiduciary duties and negligence in their representation of Plaintiff and direct Defendants to repay all fees they have received from the Plaintiff for their alleged representation in the Garcia Divorce Case.

## ATTORNEY'S FEES
## VI.

54. Plaintiff has been required to employ counsel to represent its interests as a result of the foregoing causes of action against Defendants. Further, the award of attorney's fees is proper based on equity as such fees were proximately caused by the negligence of and wrongful acts of Defendants.

## EXEMPLARY DAMAGES
## VII.

55. In addition to actual damages, Plaintiff also seeks exemplary damages against Defendants.

## JURY DEMAND
## VIII.

56. Plaintiff requests a jury trial under Federal Rules of Civil Procedure 38.

**WHEREFORE** Plaintiff the Law Funder, LLC demands judgment against Defendants Sergio Muñoz, Jr. and The Law Offices of Sergio Muñoz, Jr., P.C. d/b/a The Munoz Law Firm, jointly and severally, for:

a. Compensatory damages in an amount to be determined at trial;

b. Special damages in an amount to be determined at trial;

c. Punitive damages;

d. All other relief requested in the cause of action set forth above, which requests are incorporated into this wherefore clause by this reference;

e. Pre- and Post-Judgment interest;

f. Reasonable attorneys' fees and expenses; and

g. Any other relief the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 12th day of December, 2014.

By: */s/ J. Francisco Tinoco*
J. Francisco Tinoco, Esq.
Southern District of Texas No.: 873188
ATTORNEY IN CHARGE

**LAW OFFICE OF J.F. TINOCO**
THE CHASE TOWER
200 S. 10TH STREET, SUITE 802
MCALLEN, TEXAS 78501
McAllen, Texas 78501
(956) 683-8300 – Tel.
(956) 683-8305 – Fax
tinoco@sotxlaw.com

*ATTORNEY FOR PLAINTIFF*