UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MC ALLEN DIVISION


THE LAW FUNDER, LLC,           )        CASE NO:  7:14-CV-00981
                               )
              Plaintiff,       )              CIVIL
                               )
     vs.                       )         McAllen, Texas
                               )
SERGIO MUNOZ, JR., ET AL.,     )       Tuesday, October 18, 2016
                               )
              Defendants.      )       (9:02 a.m. to 9:22 a.m.)


SHOW CAUSE HEARING


BEFORE THE HONORABLE MICAELA ALVAREZ,
UNITED STATES DISTRICT JUDGE


APPEARANCES:


For Plaintiff:          J. FRANCISCO TINOCO, ESQ.
                        Law Office of J. Francisco Tinoco, PC
                        200 S. Tenth Street, Suite 802
                        McAllen, TX 78501

For Defendant:          FRANCISCO J. RODRIGUEZ, ESQ.
                        1111 W. Nolana
                        McAllen, TX 78504

Court Recorder:         Candy Jones

Transcribed by:         Exceptional Reporting Services, Inc.
                        P.O. Box 18668
                        Corpus Christi, TX 78480-8668
                        (361) 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

1          **McAllen, Texas; Tuesday, October 18, 2016; 9:02 a.m.)**

2                          **(Call to Order)**

3          **THE COURT:**  Let me begin with Case Number 14-981, The

4   Law Funder versus Munoz, and this is a Show Cause as to

5   Mr. Rodriguez.

6          **MR. TINOCO:**  Good morning, your Honor.  Francisco

7   Tinoco for The Law Funder.

8          **THE COURT:**  Good morning.

9          **MR. RODRIGUEZ:**  And Frank Rodriguez for the

10  Defendant, Judge.

11         **THE COURT:**  Good morning, Mr. Rodriguez.  You have

12  sort of stepped into something of a mess here, but I'm glad to

13  see that you have --

14         **MR. RODRIGUEZ:**  I'm sorry about this.

15         **THE COURT:**  -- mis-stepped here.

16         **MR. RODRIGUEZ:**  Correct.

17         **THE COURT:**  First, we will address the issue as far

18  as your failure to appear at the last scheduled hearing in this

19  matter.

20         **MR. RODRIGUEZ:**  Judge, I have no excuse.  My -- it

21  was my obligation to my clients to review all the Court's

22  order.  Unfortunately, one of the orders was misread in that I

23  think my office saw that -- that there was a cancellation of

24  the Show Cause hearing.  So what was posted on my calendar was

25  that the Federal Court hearing was cancelled.  But it's my

1    responsibility since I'm (indisc.) court orders, I did not so.

2         **THE COURT:**  I'll issue an order as to how you address

3    that matter.  The other matter of course is what you're doing

4    with this case.  I think Mr. Tinoco has been, I think, very

5    frankly very patient in this matter.  I think quite some time

6    ago he could have urged -- and very frankly here I think a

7    death penalty sanction may even have been seriously considered

8    had he sought that.  He hasn't at this point in time.  We're

9    here now.  Your deemed admissions because of the failure to

10   address these before so --

11        **MR. RODRIGUEZ:**  I understand, Judge.  We've been

12   trying to get the file and we finally did.  And so it was a

13   matter of reviewing from the prior Counsel.  And there was a

14   misunderstanding on my part in that I believe that what the

15   Court was addressing was a failure to respond to a request for

16   admissions.  And so the way the order was written so that's

17   what I was trying to investigate to see why not so I could file

18   a motion to strike admissions.  But now I understand that they

19   were served but they were inadequate.  And so I was off on a

20   different tangent, Judge.

21        **THE COURT:**  And frankly, there's just been a lot of

22   problems in this case.  And part of it has to do with the

23   actual Defendants here themselves not doing what they should be

24   doing.  And in that regard, you know, obviously Mr. Munoz

25   himself -- is himself an attorney and I think should certainly

1   understand the seriousness of his actions individually and on

2   behalf of his office.  And so I think it's incumbent upon you,

3   Mr. Rodriguez, to ensure that he understands fully that he

4   needs to follow your advice at every step of the way because at

5   this point in time I -- I don't know what Mr. Tinoco's thoughts

6   are now, but at this point in time I think any -- any kind of

7   leniency that the Court might have been willing to consider has

8   been used up.  So, Mr. Tinoco, you know, I don't know what your

9   thoughts are moving forward but I would like this case to move

10  forward in whatever direction it's going to as quickly as

11  possible because I think there's been a long delay at this

12  point in time.

13          **MR. RODRIGUEZ:**  Judge, I just have one little --

14  maybe if you can just give us one little extra consideration.

15  I did tell Mr. Tinoco that I would be filing a Motion to Strike

16  the admissions so I would like the Court to have an open mind

17  on that.  I've just came onto the case and it's been a

18  challenge trying to transfer the file.  And Mr. Munoz is

19  following my advice.  He's present in the courtroom.  I had him

20  show up and so I think that henceforth it'll be smooth sailing.

21          **THE COURT:**  I'm not going to prohibit you from filing

22  it but I'm not going to tell you that -- that it's going to be

23  granted either.  I will see what is presented but the many

24  opportunities have been given to Mr. Munoz up until this point

25  in time.  Very frankly, as I said, I'm not sure there's really

1    any room for leniency left, but you may file it, but you need

2    to get it filed within the next three days because I don't want

3    any further delay in this case so you have three days to get it

4    on file.  And if it's not on file within those three days then

5    it will not be considered at all.

6         **MR. RODRIGUEZ:**  That's fine.

7         **MR. TINOCO:**  Judge, I will bring to the Court's

8    attention that we're still waiting for an electronic file, the

9    request for production which Mr. Rodriguez has told us that

10   we're going to get next week and next week we haven't gotten

11   it.  We just sent another request, second request for

12   production.  The 30 days are up.  And Mr. Rodriguez notes that

13   they received that request.  We haven't received a single

14   document.  So this is something that's continued to happen.

15        **THE COURT:**  And Mr. Rodriguez, that's obviously a

16   concern to the Court.  The document production, I don't

17   remember how long ago that was, but the Court entered that

18   order quite some time ago.

19        **MR. RODRIGUEZ:**  Judge, I think we're talking about

20   two different things.  He filed a second request for

21   production --

22        **THE COURT:**  No, no, no.  He first mentioned the

23   electronic file.  Okay?  And you're referring to the one that I

24   ordered --

25        **MR. TINOCO:**  Correct, Judge.

1          **THE COURT:**  -- I don't know how many months ago.

2   Okay?  You were not involved in the case yet, Mr. Rodriguez,

3   and frankly I don't remember if that was at the time when the

4   former Counsel was in the case or out of the case already, but

5   Mr. Munoz was in the case.  I made it clear at the time that

6   whoever the former attorney was who withdrawed, I made it clear

7   to Mr. Munoz that he had a responsibility.  I mean, obviously

8   he can be pro se even if he weren't an attorney, but he's

9   certainly an attorney so -- so there's absolutely no excuse for

10  that not having been produced at this point in time because

11  that was the Court's order a long time ago and -- and even

12  before that obviously there's just an ongoing obligation under

13  the rules to produce all of that.  So that's one -- and if

14  there's been a second request and those have not been responded

15  to, there's no excuse for that either.  I think -- I don't

16  know, I don't remember exactly when you came into the case,

17  Mr. Rodriguez, but I think it's been at least 30 days.

18          **MR. TINOCO:**  It's been more than 30 days.

19          **THE COURT:**  And so why haven't those been responded

20  to?

21          **MR. RODRIGUEZ:**  Okay, Judge, the electronic file, I

22  wasn't aware of that being in the prior (indisc.) but this is

23  what I would say to the Court.  That the electronic file has

24  been produced according to my client in hard copy form.  We

25  gave him boxes and boxes and boxes of the prior case.

1          **THE COURT:**  Okay but he --

2          **MR. RODRIGUEZ:**  Now, if he wants an electronic file

3   that's --

4          **THE COURT:**  No.  But see, you need to go back and

5   read the Court's -- you need to go back and read the Court's

6   orders because it's not -- it's not a production of what your

7   client decides should be produced and in the manner that your

8   client decides it should be produced --

9          **MR. RODRIGUEZ:**  No, I understand that.

10          **THE COURT:**  It's a production according to the

11   Court's order.  And I believe -- and I don't have it in front

12   of me, but I usually have a good recollection from my written

13   work.  I believe the Court determined that it should be

14   produced in an electronic file, is that correct, Mr. Tinoco?

15          **MR. RODRIGUEZ:**  That's correct.

16          **MR. TINOCO:**  That's correct.

17          **THE COURT:**  All right.  So then that's what should

18   have been produced, Mr. Rodriguez.  Mr. Munoz cannot go back

19   and decide on his own that he's going to change this Court's

20   orders.

21          **MR. RODRIGUEZ:**  No, we're -- I reinstructed my client

22   to produce the electronic file that he has, but this is where

23   we need clarification.

24          If, for example, in the hard copy form, for whatever

25   reason, it was not in the -- or scanned, does the Court want us

8

1  to go ahead and scan it so that we can produce it in electronic

2  form?

3  **THE COURT:**  Okay.  I think -- I don't think that

4  requires clarification.  I think almost anybody whose -- and

5  you've been practicing for a long time, Mr. Rodriguez.  I think

6  you know when a request is made for whatever it may be, there

7  is no requirement on that (indisc.) the Courts to order

8  something to create a document but I don't believe that's

9  correct.  But other than that there's no requirement to create

10  something.  When you're asked to produce an electronic file and

11  especially if the Court orders that an electronic file be

12  produced and you produce what is already on record.  You don't

13  go back and scan documents that were never stored

14  electronically.  Now, to the extent that anything that was

15  stored electronically has been destroyed, that's a different

16  issue.

17  **MR. RODRIGUEZ:**  Correct.

18  **THE COURT:**  But something that was never in

19  electronic form doesn't have to be put into electronic form

20  (indisc.)

21  **MR. RODRIGUEZ:**  I understand, Judge, and we'll --

22  **THE COURT:**  But if there are documents that were -

23  that is evident were once in electronic form and they're not

24  being produced electronically, then that's a different issue.

25  **MR. RODRIGUEZ:**  That's fine, Judge.  We're going to

```
 1    comply with the Court's order, of course, but I just wanted
 2    to --
 3              THE COURT:  You can and you will.
 4              MR. RODRIGUEZ:  Of course.  But I just wanted to make
 5    the Court aware that it's not that they're hiding anything.  It
 6    has been produced in its entirety but anyway we'll put --
 7              THE COURT:  But again, that order was in place from a
 8    long time ago, Mr. Rodriguez, so that needs to be taken care
 9    of.  And I, very frankly, at this point in time and Mr. Tinoco,
10    as I said, has not sought -- or maybe he did and I denied him.
11    Actually, I think --
12              MR. TINOCO:  No (indisc.).
13              THE COURT:  Okay.  But anyway, he has not signed any
14    death penalty sanctions at this point in time but a lot of the
15    time -- this is the first I realized that that order had not
16    been fully complied with so that needs to get taken care of
17    within three days as well.  And if it cannot, then you better
18    try to coax Mr. Tinoco into giving you a little bit more time
19    because I will not.
20              MR. RODRIGUEZ:  It'll be done, Judge, by Friday.
21              THE COURT:  And then what about the request for
22    production that has not been responded to at this point in
23    time?
24              MR. RODRIGUEZ:  It's almost ready, Judge.  My client
25    is aware --
```

1          **THE COURT:**  Why hasn't it been responded to timely?

2          **MR. RODRIGUEZ:**  Judge, I can only do what -- or

3   produce what my client produces.  We've been working with

4   him --

5          **THE COURT:**  But you can respond to that.  You can try

6   to work out an agreement with Mr. Tinoco to ask for more time.

7   You can do those things.  Were any of those done?

8          **MR. RODRIGUEZ:**  Judge, we've -- no.  The answer is --

9   on that particular request the answer is no.

10         **THE COURT:**  All objections have been waived.

11         **MR. RODRIGUEZ:**  Correct.

12         **THE COURT:**  Therefore, you'll produce anything and

13  everything that you have a response to those and those will be

14  taken care of also within three days.  So if Mr. Munoz needs to

15  work 24 hours in the next three days to get it done, he is

16  going to get it done.  Otherwise, Mr. Tinoco, you're not

17  required to but the Court will seriously consider any Motion

18  for Sanctions that you present.

19         Is there anything else at this time?

20         **MR. TINOCO:**  Judge, I think what follows is a

21  scheduling order from the court.

22         **THE COURT:**  In that regard, Mr. Tinoco, where do you

23  see this?  I mean, I know this case has been sadly on the books

24  for way too long and that's one of the reasons why it troubles

25  me that there's been so much time expended on trying to get all

1   this discovery.  So from your perspective, Mr. Tinoco, where do

2   you see the case at this point in time and what do you think is

3   needed to move this case forward?

4        **MR. TINOCO:**  I think just -- we're hoping six months.

5   I think (indisc.) this morning and we're hoping for six months

6   for trial for finish up all the loose ends of the discovery and

7   then maybe in six months we should be ready for trial.

8        **THE COURT:**  So then in light of that, is there any

9   particular scheduling issues that you can think of that the

10   Court should take into account?  And am I inclined to set a

11   full scheduling order because this case has been around for so

12   long?  Very frankly, all the discovery should have taken place

13   already.  I don't know -- did you ever get the depositions?

14        **MR. TINOCO:**  We did take the deposition of Mr. Munoz.

15        **THE COURT:**  Okay.

16        **MR. TINOCO:**  And we have a follow up based on the

17   documents that are being produced.

18        **THE COURT:**  And I really don't think – I really don't

19   think there should – from a discovery perspective, I don't

20   think we should be wasting more time on that because this case

21   I think really should be developed in that regard.  So what do

22   you see is still necessary at this point in time?

23        **MR. TINOCO:**  Judge, both sides actually have already

24   filed their expert reports.  So aside from depos and discovery

25   and motions that we're going to file, I don't see anything --

1        **THE COURT:**  But the way of discovery -- putting aside

2   the issue of the experts for a moment.  By way of discovery do

3   you -- you have your outstanding request for production.  Do

4   you see any other discovery that is necessary at this point in

5   time?

6        **MR. TINOCO:**  Just a couple of depositions.

7        **THE COURT:**  All right.  And depositions of fact

8   witnesses or --

9        **MR. TINOCO:**  A fact witness and Mr. Munoz again.

10       **THE COURT:**  And Mr. Munoz again.  And as far as

11  written discovery, do you feel that all of that is now taken

12  care of?

13       **MR. TINOCO:**  Yeah.  I believe once we get the

14  responses, depending on what their responses are like, I

15  believe we'll be done with discovery in terms of request for

16  production and admissions no more.

17       **THE COURT:**  So depos, do you've have an idea of how

18  many -- other than the experts, how many of those you may need?

19       **MR. TINOCO:**  Two.

20       **THE COURT:**  Two.  Okay.  And the experts, how many

21  experts are involved in the case?

22       **MR. TINOCO:**  One and a (indisc.).

23       **THE COURT:**  One and (indisc.).  So I presume you

24  anticipate taking the expert.

25       **MR. TINOCO:**  That's correct.

13

1          **THE COURT:**  Okay.  And then from your perspective,

2   Mr. Rodriguez, what do you anticipate?

3          **MR. RODRIGUEZ:**  I anticipate I need some additional

4   discovery, Judge, real quick.  And we're going to need to

5   depose their clients, their principals.  We've already

6   requested dates, time dates for the court's minute order.  I

7   anticipate with leave of court to file some of the pleadings,

8   possibly bringing in some third parties and some counterclaims.

9          **THE COURT:**  (Laughing).  You can anticipate but --

10          **MR. RODRIGUEZ:**  It should've done -- it should have

11   been done, Judge, but it wasn't -- and I'm just --

12          **THE COURT:**  I understand you're coming -- but that's

13   what happens when you take on a case at this stage.

14          **MR. RODRIGUEZ:**  I understand.

15          **THE COURT:**  And you're burdened with whatever the

16   status of the case is at that point in time.

17          All right.  Okay.  As far as -- I don't have the

18   order in front of me but the order regarding the depos of the

19   Defendants address, et al.  I know I had a similar case a while

20   back where I did not permit the Defendants to take the

21   Plaintiff's depos based on the history of the case.  This

22   order --

23          **MR. RODRIGUEZ:**  Judge, this court in the order

24   indicated that they had a certain timeframe to request

25   depositions and they did comply.  I believe it was on the last

14

1   day that the court gave them.

2          **THE COURT:**  Okay, so that's still an open --

3          **MR. TINOCO:**  Yes, Judge.

4          **THE COURT:**  All right.  So you anticipate then taking

5   the Plaintiff's – and what do we have by way of Plaintiffs?

6   How many – how many do you anticipate taking.  I mean it's an

7   entity so I don't know how may depos --

8          **MR. RODRIGUEZ:**  From our side, as far as witnesses, I

9   anticipate around five.

10         **THE COURT:**  Around five?

11         **MR. RODRIGUEZ:**  Correct.

12         **THE COURT:**  Fact witnesses and then --

13         **MR. RODRIGUEZ:**  Well, two of his and some other third

14   parties, some other attorneys.

15         **THE COURT:**  Okay.  And then the Plaintiff's expert,

16   do you anticipate --

17         **MR. RODRIGUEZ:**  We're going to depose her --

18         **THE COURT:**  So you're looking at maybe six depos?

19         **MR. RODRIGUEZ:**  Correct.

20         **THE COURT:**  Okay.  And what was the scheduling order,

21   Mr. Tinoco, if you recall, regarding the discovery in this

22   case?  I don't think that was from this Court.  I think that

23   was before the case got to this Court.

24         **MR. TINOCO:**  I don't recall, Judge.  It was

25   terminated rather abruptly so --

15

1          THE COURT:  Right.

2          MR. TINOCO:  -- everything kind of just stayed at a

3   standstill.

4          THE COURT:  Okay.  So I'm trying to determine,

5   Mr. Rodriguez, as far as the written discovery that you

6   anticipate, whether there's a way to shortcut that because

7   there's been already too much time wasted here.

8          MR. RODRIGUEZ:  I understand.

9          THE COURT:  So you're anticipating sending out what?

10   Interrogatories or Request for Admissions or Request for

11   Production?

12          MR. RODRIGUEZ:  All of that, Judge.

13          THE COURT:  All of that?

14          MR. RODRIGUEZ:  Correct.  But by Monday.  But like I

15   told him, on a Request for Admissions, basically I just want to

16   pare down the claim so we won't have to worry about that.  And

17   that will probably be something that he can admit so that we

18   just won't have to worry about it so it might streamline the

19   case.

20          THE COURT:  Well, in that regard I'll urge you to

21   keep in mind the purpose of Requests for Admissions and to

22   tailor them and that and obviously they do pare down the case

23   and so it's much better all the way around.

24          And you think you can get those out very quickly?

25          MR. RODRIGUEZ:  By Monday, Judge, I'll work over the

16

1   weekend.

2         **THE COURT**:  Okay.  Get those out as quickly as you

3   can.  I'm not going to limit them.  Get those out as quickly as

4   you can.  So we're looking at -- and I'm just trying to get an

5   idea for scheduling purposes.  So I think can give you that now

6   and maybe just sort of give you a truncated scheduling order.

7   But if we're looking at maybe hopefully getting this case to a

8   trial setting in the next six months, if I give you roughly 90

9   days to complete that discovery do you think that you can get

10  it done in that timeframe?

11        **MR. RODRIGUEZ**:  I believe so, Judge.

12        **MR. TINOCO**:  Yeah, Judge.

13        **THE COURT**:  Okay.

14        **MR. RODRIGUEZ**:  Are we talking about the discovery

15  talking about also the depositions?

16        **THE COURT**:  Also the depositions.

17        **MR. RODRIGUEZ**:  We've got November and December

18  coming up.  I know that maybe 120.

19        **THE COURT**:  Mr. Tinoco, do you have any objection to

20  120?

21        **MR. TINOCO**: I mean, I would prefer 90, Judge, just to

22  get it --

23        **THE COURT**:  I will agree in that regard with

24  Mr. Rodriguez.  The holidays are wonderful but they interfere

25  with too many schedules.  It's not just I could make you do it

1  but it's the people being deposed that I have a little bit more

2  consideration for, especially if they are non-parties.  So I'll

3  give you 120 days. So all I'm doing is giving you 120 days to

4  get all the discovery done.

5            I don't see any reason why you couldn't also get your

6  dispositive motions on file within that 120-day time period.

7  And to the extent that there's any depositions that are going

8  to be used in connection with the dispositive motions -- for

9  example, you're going to file a motion for summary judgment

10  using the testimony of any one of those, I think nowadays

11  almost every court reporter can get those out very quickly.

12  But to the extent that let's say you're taking a deposition and

13  the very last week you need that testimony for the dispositive

14  motion, then you can ask for leave to supplement your motion.

15  The motion needs to be filed timely but you can ask for leave

16  to supplement the motion with the transcript as soon as you

17  have it.  But I think most court reporters can get it out

18  almost immediately and I think these days don't they give you a

19  disk with the --

20            **MR. RODRIGUEZ:**  Yes --

21            **THE COURT:**  -- almost right away.  So whatever

22  they're using nowadays so I don't see that the -- there used to

23  be the delay in getting a transcript sometimes delayed the

24  filing but I don't see that that should be --

25            **MR. RODRIGUEZ:**  I just pay a little bit extra, they

1    get it the following day, Judge, if you pay --

2          THE COURT:  So yes, so that's pretty close.  So I

3    think if we can get everything on file with the court within

4    that 120-day time period, that'll give us a chance to look at

5    whatever filed by way of dispositive motions, if any, and

6    there's no reason why we couldn't put you on track for a trial

7    setting within six months.

8          Is there any -- I'm not inclined, Mr. Rodriguez.  If

9    you think that you need to add third parties here, you need to

10   get that motion on file immediately.  Very frankly, right now

11   I'll tell you that I'm not inclined to grant -- although keep

12   in mind that it's a very lenient standard but you better

13   present some very good reason why it hasn't been (indisc.),

14   other than the change in counsel because that's not --

15         MR. RODRIGUEZ:  I know, Judge, but mostly we're

16   looking for contents which shouldn't delay the trial --

17         THE COURT:  Okay.  So that needs to be dealt with

18   motion obviously.  That needs to be almost immediately.

19         Okay.  Anything else that you can think of as far as

20   -- okay.

21         So 120 days from now, Ms. Belmares, what would that

22   be as far as --

23         THE CLERK:  February 15th.

24         THE COURT:  Okay.  So February the 15th is going to

25   be your deadline to complete discovery and get your dispositive

19

1   motions on file.

2       **(Pause)**

3           Ms. Belmares, if you can give me an April setting for

4   the final pretrial conference.

5           **THE CLERK:**  April 24th.

6           **THE COURT:**  April the 24th at 9:00 a.m. for Final

7   Pretrial Conference and your joint pretrial order then will be

8   due with the court on March the 31st.

9           All right.  Is there anything else at this time?

10          **MR. TINOCO:**  That's all I have, your Honor.

11          **THE COURT:**  All right.  Thank you.

12          **MR. TINOCO:**  May I be excused?

13          **THE COURT:**  Thank you.  You may be excused.

14          And I will send out an order, Mr. Rodriguez.

15          **MR. RODRIGUEZ:**  Thank you.

16      **(Proceeding adjourned at 9:22 a.m.)**

17

18

19

20

21

22

23

24

25

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          May 20, 2018_

TONI HUDSON, TRANSCRIBER