United States District Court
Southern District of Texas
**ENTERED**
April 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE LAW FUNDER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:14-cv-00981 |
| | § | |
| SERGIO MUNOZ, JR., and LAW | § | |
| OFFICES OF SERGIO MUNOZ, JR, P.C., | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers "Defendants' Memorandum of Law on Right to Conduct Discovery and Right to a Jury Trial"[1] and Plaintiff's response.[2] The Court notes that both memoranda are filed pursuant to this Court's order.[3] After considering the memoranda, record, and relevant authorities, the Court **GRANTS** Defendants' request for a jury trial and **DENIES** Defendants' request for a scheduling order to conduct discovery.

### I. BACKGROUND

This 2014 case, described as a "saga" by the United States Court of Appeals for the Fifth Circuit, has a long history already recounted by the Fifth Circuit.[4] The Court will recount only facts necessary to this order. As relevant here, this Court granted default judgment to Plaintiff holding Defendants liable for legal malpractice under Texas law.[5] The case proceeded to a bench trial where Defendants failed to present any witnesses, and the Court granted final judgment in

---

[1] Dkt. No. 151.
[2] Dkt. No. 152.
[3] Dkt. No. 149.
[4] *See Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 756–58 (5th Cir. 2019).
[5] *Id.* at 758.

the amount calculated by Plaintiff's expert.[6] Upon appeal, the Fifth Circuit affirmed entry of default judgment against Defendants but held that the Court "erred in awarding Law Funder compensatory damages for attorney fees and costs that it would have incurred regardless of Munoz's negligence,"[7] and vacated this Court's damages award and remanded for a new trial at which Defendants shall be allowed "to present evidence and conduct cross-examination relevant to whether his negligence proximately caused Law Funder's claimed damages."[8]

Now before this Court after remand, Defendants seek to conduct discovery on the issue of damages and argue that Defendants are entitled to a jury trial.[9] The Court construes each request as a motion to the Court. The Court will address each issue in a separate Part.

As a brief threshold matter, the Court notes Plaintiff's memorandum[10] lacks numbered paragraphs entirely, hindering the Court's reference to Plaintiff's arguments. The Court cautions Plaintiff that future submissions should consistently number each paragraph to properly comply with the Federal Rules of Civil Procedure.[11]

## II.  MOTION TO CONDUCT DISCOVERY

Defendants request that the Court "issue a scheduling order setting forth deadlines for discovery and pretrial submissions" because "Defendants need to conduct discovery into the issue of whether and to what extent negligence on the part of Defendants proximately caused Law Funder's claimed damages."[12] Specifically, Defendants argue that the Fifth Circuit held that

---

[6] *Id.*

[7] *Id.* at 760.

[8] *Id.* at 762.

[9] Dkt. No. 151.

[10] Dkt. No. 152.

[11] FED. R. CIV. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers."); FED. R. CIV. P. 10(b) ("A party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances." (emphasis added)).

[12] *Id.* at 2–3, ¶ 3.

Plaintiff is not entitled to recover as damages the total amount expended in paying for Defendants' legal services, and because Defendants are entitled under Federal Rule of Civil Procedure 26 to fair notice of Plaintiff's damages computations, Plaintiff should therefore be "required to submit its revised claim for damages and Defendants are entitled to discovery of same."[13] Defendants' precise request is unclear, however, because whether Defendants are requesting only an updated expert report or a schedule that would enable Defendants to depose Plaintiff's expert and exchange expert disclosures is not specified.

Plaintiff evidently interprets Defendants request as the latter, broader request. Plaintiff argues that nothing in the Fifth Circuit's order requires the parties to "revise and exchange expert reports," and Plaintiff objects to "permitting Defendants to conduct a fishing expedition."[14] Plaintiff further argues that Texas law counsels against permitting discovery and that the Court's discovery sanction and entry of default judgment have already resolved the discovery issue and Defendants cannot now seek discovery or complain of surprise.[15]

Plaintiff's argument would be very strong if this Court "ruled that Defendants were not entitled to any discovery as a result of their being defaulted"[16] and Defendants subsequently failed to appeal that ruling. However, Plaintiff does not cite any order determining that Defendants are not entitled to discovery and this Court has discovered none.[17] Furthermore, Plaintiff mischaracterizes this Court's discovery sanction. The sanction order struck Defendants' pleadings and imposed attorney's fees; the order did not hold that Defendants would be disentitled to future discovery.[18]

---

[13] *Id.* at 4, ¶ 7.
[14] Dkt. No. 152 at 4–5.
[15] *Id.* at 3–5.
[16] *Id.* at 4.
[17] *See* Dkt. Nos. 62–63.
[18] *See* Dkt. No. 59 at 6–7.

The Court interprets Defendants' request for discovery broadly, consistent with Plaintiff's interpretation and Defendants' specific "request that the Court issue a scheduling order setting forth deadlines for discovery and pretrial submissions."[19] Defendants also argue they "should have time to present their own expert's report in response to that of the Plaintiff," which would likely require time to prepare Plaintiff's expert disclosure.[20] The Court interprets a "scheduling order" as that which would issue pursuant to Federal Rule of Civil Procedure 16(b) and set forth when discovery must be completed[21] and when expert disclosures must be exchanged.[22]

The Court interprets Defendants' request for the issuance of a scheduling order to conduct discovery as a request for modification of the scheduling order this Court already issued pursuant to Federal Rule of Civil Procedure 16(b).[23] In order to contextualize Defendants' request, the Court briefly surveys the procedural history of scheduling matters in this case. This case was initiated on December 12, 2014.[24] In March 2015, the Court issued a scheduling order and set trial for January 2016.[25] Motions and amended scheduling orders pushed discovery and trial further and further until the pretrial conference at which trial dates would be set was moved to April 2017.[26] Defendants appeared at the conference at which the Court delineated a scheduling order,[27] and all parties received the Court's written amended scheduling order.[28] In the course of this case, Defendants properly moved to extend a hearing set forth by the

---

[19] Dkt. No. 151 at 2, ¶ 3.
[20] Dkt. No. 151 at 3, ¶ 5.
[21] *See* FED. R. CIV. P. 16(b)(1)
[22] *See* FED. R. CIV. P. 16(b)(3)(B)(i), 26(a)(2).
[23] Dkt. No. 52.
[24] Dkt. No. 1.
[25] Dkt. No. 11.
[26] *E.g.*, Dkt. Nos. 16, 24, 52.
[27] *See* Minute Entry (Oct. 18, 2016).
[28] Dkt. No. 52.

scheduling order.[29] In short, Defendants were well-aware of the controlling effect of the scheduling order and how to seek its modification. The scheduling order provided for the close of discovery on February 15, 2017.[30] Pretrial submissions were due in February and March 2017.[31] The deadlines were obviated, however, by this Court's grant of sanctions for Defendants' discovery abuses and the unopposed entry of default judgment against Defendants.[32] During these two-and-a-quarter years, Defendants refused to participate in discovery or turn over documents and asserted perfunctory objections to Plaintiff's discovery.[33] Approximately two-and-a-half years after the *close* of discovery, Defendants now request the court issue a scheduling order providing for some unspecific deadlines for discovery and pretrial submissions, as if the parties have just held their initial pretrial and scheduling conference and are now embarking upon discovery for the first time. Defendants effectively request the Court to reset the clock, except as to liability, and allow Defendants to "unlock the doors of discovery" to challenge Plaintiff's experts and damages calculations.[34]

To achieve this modification of the scheduling order to provide for future "discovery and pretrial submissions,"[35] Defendants must demonstrate "good cause" and receive "the judge's consent."[36] The parties do not point to elaboration of what would constitute "good cause" or a standard for assessing "good cause" in this context,[37] but the Court will retrofit the Fifth Circuit's factors for assessing good cause in the context of a motion to modify a scheduling order to permit expert report supplementation. The evaluative factors are: (1) the explanation for the

---

[29] Dkt. No. 71
[30] Dkt. No. 52 at 1.
[31] *Id.* at 1–2.
[32] *See* Dkt. Nos. 62–63.
[33] Dkt. No. 59.
[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[35] Dkt. No. 151 at 2, ¶ 3.
[36] FED. R. CIV. P. 16(b)(4).
[37] *See* Dkt. No. 151 at 4; Dkt. No. 152 at 5.

failure to conduct timely discovery, (2) the importance of the discovery, (3) potential prejudice in allowing the discovery, and (4) the availability of a continuance to cure such prejudice.[38] Importantly, the justifications for modifying the schedule must be strong. "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."[39] The Court will reject last-minute attempts at modification that would disrupt trial dates.[40] Furthermore, the Court does not possess unlimited discretion to allow umpteen extensions.[41] As William Gladstone and the Fifth Circuit powerfully put it, "justice delayed is justice denied."[42]

As detailed in this Court's rulings, Defendants have no explanation for their failure to conduct timely discovery during the two-and-a-quarter years between this case's initiation and the close of discovery.[43] Defendants also do not detail the importance or expected impact of the significant discovery they request. The only specific discovery Defendants seek is one expert report that Defendants assert "needs to be revised so that Defendants are on notice as to what legal fees and costs Plaintiff alleges it is entitled to recover as damages proximately caused by Defendants."[44] However, Defendants have long been on notice as to what fees Plaintiff asserts it is entitled to recover, and Defendants are equally as capable as Plaintiff to assess the impact of the Fifth Circuit's opinion on Plaintiff's expert reports and claims for damages. Furthermore, the potential prejudice to Plaintiff is immense if the Court issues a new scheduling order and grants discovery, as Plaintiff has already proceeded to the close of discovery and expended legal fees to compel Defendants to respond to discovery and deposition requests and filed subsequent motions

---

[38] *See Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).
[39] *Id.* at 258.
[40] *See id.* at 257–58.
[41] *Cf. In re United States ex rel. Drummond*, 886 F.3d 448, 450 (5th Cir. 2018).
[42] *Id.*
[43] *E.g.*, Dkt. No. 59.
[44] Dkt. No. 151 at 3, ¶ 5.

responsive to Defendants' default. Defendants' request to now reopen discovery on damages would moot much of Plaintiff's work and expenditures in connection with the scheduled discovery and would exacerbate the delay and expense already suffered by Plaintiff.[45] Defendants' attempt to moot Plaintiff's expenditures is part of Defendants' pattern of behavior that gave rise to this suit.[46] The Court will not cause Plaintiff to suffer additional delay and expenditures, and will not grant Defendants a second bite at discovery to develop their arguments on damages that should have been addressed during scheduled discovery; in short, Defendants had their chance and will find no recourse in their failure to take it. Among other things, the purpose of the Federal Rules of Civil Procedure is to secure the "speedy" conclusion of civil actions.[47] Although the Court will allow Defendants "to present evidence and conduct cross-examination relevant to whether [Defendants'] negligence proximately caused Law Funder's claimed damages,"[48] Defendants' request for a scheduling order setting forth new deadlines for discovery and pretrial submissions is **DENIED**.

However, Defendants' argument that Plaintiff must meet the requirements articulated in the Federal Rules of Civil Procedure is well-taken.[49] To the extent that any proceedings (whether in this Court or the Fifth Circuit) require supplementation of Plaintiff's discovery disclosures or expert reports under Federal Rules of Civil Procedure 26(a)(2)–(4) or 26(e), Plaintiff is **ORDERED** to comply with Rule 26 no later than **May 18, 2020**.

---

[45] *See Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 757 (5th Cir. 2019) (affirming this Court's order that Defendants' discovery disobedience prejudiced Plaintiff, that continuance would exacerbate the harm, and the Defendants had unreasonably and systematically prolonged the case).
[46] *See id.* at 756 (describing that Plaintiff expended almost $2 million in attorney fees when Defendants' conflict of interest was discovered which led to nullifying the purpose of the expenditures).
[47] FED. R. CIV. P. 1.
[48] *Law Funder*, 924 F.3d at 762.
[49] Dkt. No. 151 at 4, ¶ 7.

### III. MOTION FOR JURY TRIAL

Defendants request the court "order a jury trial as to damages in this case."[50] Defendants point out that both parties have filed a jury demand.[51] Defendants argue that Texas law applies to this diversity case and that Texas law entitles a party to a jury trial on a legal malpractice claim.[52] Plaintiff responds that Defendants' request for a jury trial "is abrogated by the striking of the answer," that Plaintiff is willing to waive its request for a jury trial, that the Court already rejected Defendants' jury trial demand and such is the law of this case, and that Defendants' citation to Texas law is inapposite.[53]

The law of the case doctrine does not resolve this issue. At the Court's bench trial, "Defendants demanded a jury trial on damages, which the Court denied with citation to Fifth Circuit precedent."[54] Defendants did not appeal that ruling, and it is now the law of the case. The Court construes Defendants' Memorandum as a motion for reconsideration of that ruling. Although the law of the case doctrine enshrines the concept that an issue cannot be relitigated once judicially decided, the doctrine "is an exercise of judicial discretion, not a limit on judicial power."[55] Because the Court ordered briefing on the jury trial issue,[56] the Court exercises its discretion to consider whether to grant a jury trial de novo.

Similarly, the Court's striking of Defendants' answer does not resolve this issue. Plaintiff is correct that "once the court strikes the defendant's answer as a discovery sanction, the

---

[50] *Id.* at 5.
[51] *Id.* at 4, ¶ 8 (citing Dkt. No. 1 at 8, Dkt. No. 148).
[52] *Id.* at 5, ¶ 9.
[53] Dkt. No. 152 at 5–7.
[54] Minute Entry (Sept. 12, 2017).
[55] *United States v. Castillo*, 179 F.3d 321, 326 (5th Cir. 1999), *rev'd on other grounds,* 530 U.S. 120 (2000).
[56] Dkt. No. 149.

defendant is placed in the same legal position as if he had filed no answer at all."[57] The result of this was Defendants' default.[58] The answer is inapposite to the jury issue.

Instead, Federal Rule of Civil Procedure 38 resolves this issue. When this case was initiated, Plaintiff in its complaint "request[ed] a jury trial under Federal Rules [sic] of Civil Procedure 38."[59] Although Plaintiff is now "willing to waive its request for a jury trial,"[60] Plaintiff has not and cannot do so under Federal Rule of Civil Procedure 38(d).[61] "[O]nce a party has demanded a jury trial, the demand cannot be withdrawn without the consent of both parties."[62] "Moreover, a general demand will be deemed to extend to all issues in the case triable to a jury. Thus, the jury demand in this case extends to . . . the recovery of compensatory or punitive damages."[63] "When plaintiff has demanded a jury trial, and subsequently has a default entered, 'it is the better practice, if not actually compelled, that the issue as to damages be submitted to the jury.'"[64] Plaintiff is not entitled to change its mind with respect to a jury trial some four-and-three-quarters years after Plaintiff's initial demand without Defendants' consent. This finding is consistent with Defendants' jury trial right under Texas law.[65] Accordingly, Defendants' request that the Court order a jury trial as to damages in this case is **GRANTED**.

---

[57] *In re Gober*, 100 F.3d 1195, 1204 (5th Cir. 1996).

[58] *See* Dkt. Nos. 62–63.

[59] Dkt. No. 1 at 8, ¶ 56.

[60] Dkt. No. 152 at 6.

[61] FED. R. CIV. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.").

[62] *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 (5th Cir. 1998).

[63] *Id.* (citation omitted).

[64] 10A MARY KAY KANE, CHARLES ALAN WRIGHT, ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688 n.20 (4th ed.) (quoting *Barber v. Turberville*, 218 F.2d 34, 37 (D.C. Cir. 1954)); *see also Bass v. Hoagland*, 172 F.2d 205, 209–10 (5th Cir. 1949) (requiring implementation of a Plaintiff's jury demand upon Defendants' default for issues triable by jury).

[65] *See* TEX. CONST. art. 5, § 10 ("In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case . . . .").

The parties are **ORDERED** to appear for a final pretrial conference and trial scheduling on **June 15, 2020, at 9:00 a.m.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of April 2020.

_____
Micaela Alvarez
United States District Judge