IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **THE LAW FUNDER, L.L.C.,**<br><br>　　　　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**SERGIO MUÑOZ, JR.,** *et al.*,<br><br>　　　　　　　　　　　**Defendants.** | **Civil Action No.: 7:14-cv-00981** |

## JOINT PRETRIAL ORDER

**1.**　**Appearance of Counsel**

　　**Counsel for Plaintiff:**

　　J. Francisco Tinoco, Esq.
　　Law Office of J. Francisco Tinoco, P.C.
　　The Chase Tower
　　200 South 10th Street, Suite 802
　　McAllen, Texas 78501
　　Telephone: (956) 683-8300
　　Facsimile: (956) 683-8305
　　tinoco@sotxlaw.com

　　**Counsel for Defendant:**

　　Francisco J. Rodriguez, Esq.
　　Law Office of Francisco J. Rodriguez
　　1111 West Nolana
　　McAllen, Texas 78504
　　Telephone: (956) 687-4363
　　Facsimile: (956) 687-6415
　　frankr@mcallenlawfirm.com

John F. Carroll, Esq.
111 West Olmos Drive
San Antonio, Texas 78212
Telephone: (210) 829-7183
Facsimile: (210) 829-0734
jcarrollsatx@gmail.com

**2.** **Statement of the Case**

**Plaintiff's Proposed Statement**

Plaintiff brought this action in 2014 against Defendants for legal malpractice. On February 6, 2017 this Court granted a default judgment against Defendants. The Court then held a bench trial on damages. This Court awarded damages of nearly $3 million dollars. Defendants appealed to the Fifth Circuit Court of Appeals and the Fifth Circuit Affirmed the entry of default judgment against Defendants. The Fifth Circuit, however, vacated this Court's final judgment and remanded the case to this Court for a new trial on damages.

**Defendants' Proposed Statement**

The Law Funder, L.L.C., sued Sergio Munoz, Jr., and his law firm for legal malpractice. There has been a finding that Mr. Munoz and his law firm were negligent in failing to disclose to The Law Funder, L.L.C. a prior relationship with the Judge in a state court lawsuit which relationship resulted in the disqualification of the state court judge. The Law Funder, L.L.C. claims that such negligence was the proximate cause of damages to it. Mr. Munoz and his law firm contest that claim.

**3.  Jurisdiction**

This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. §1332.

**4.  Motions**

None.

**5.  Contentions of the Parties**

<u>Plaintiff's contentions</u>:

- **A.**  Plaintiff, Law Funder, brought this action against Muñoz and his law firm, Munoz Law, for legal malpractice.

- **B.**  Plaintiff, Law Funder, retained Muñoz and Muñoz law to represent Law Funder in a litigation matter styled <u>In the Matter of the Marriage of Maria De Jesus Garcia and Wilfredo Garcia</u>, Cause No.: F-551-05-K in Hidalgo County, Texas ("Garcia Divorce Case").

- **C.**  After years of litigation, Judge Jesse Contreras, the presiding judge in the Garcia Divorce Case, was disqualified by Judge Alcala as a result of having a corporate association with Defendant Muñoz that continued during the time that he became a Judge and was in existence when Muñoz appeared for Law Funder, which was a party in the case.

- **D.**  Muñoz did not disclose this relationship to Law Funder.

- **E.**  Had Law Funder been made aware of this corporate association, Law Funder would have retained other counsel to represent its interest in the Garcia Divorce Case.

- **F.**  Muñoz knew of the conflict at the start of litigation and at the time that Muñoz was retained by Law Funder.

    G.    Muñoz violated his fiduciary duty to Law Funder, acted negligently in his representation of Law Funder, and committed legal malpractice.

    H.    Plaintiff suffered damages in an amount yet to be determined as a result of Munoz's negligence.

Defendant's contentions:

    A.    Defendants did not proximately cause any damage to Plaintiff.

    B.    Plaintiff did not pay or incur any attorney's fees for representation in the underlying suit that were proximately caused by Defendants' negligence.

6. **Admissions of Fact**

    A. Plaintiff Law Funder is a litigation funding company whose primary business is the purchasing – on a non-recourse basis – of contingent interests in pending litigation. Specifically, Law Funder purchases from plaintiffs or attorneys seeking funding a portion of their prospective interest in pending litigation. Generally, if a case is decided favorably, Law Funder is entitled to reimbursement of their purchase price and interest pursuant to a set schedule. If a case is lost, the plaintiffs or attorneys that sold a portion of their contingent interest have no obligation to reimburse Law Funder. Law Funder is a resident and citizen of the State of New Jersey. Law Funder is not and never has been a citizen of the State of Texas.

    B. Defendant Sergio Muñoz, Jr., Esq. ("Muñoz") is an attorney licensed to practice in the State of Texas. Muñoz is a resident and citizen of the State of Texas. His office address is 1110 S. Closner Blvd., Edinburg, TX 78539.

C. Defendant Law Offices of Sergio Munoz, Jr., P.C. d/b/a The Munoz Law Firm ("Muñoz Law Firm", and collectively with Muñoz, "Defendants") is a Texas professional corporation and is a resident and citizen of the State of Texas.

D. In 2005, a divorce proceeding was initiated between Maria de Jesus Garcia and Wilfrido Garcia in Hidalgo County. A portion of the Garcia's marital estate consisted of Mr. Garcia's ownership interest in Servicios Legales de Mesoamerica S. de R.L. ("SLM") a Mexican law firm.

E. During the pendency of the divorce, several parties either joined or intervened. Some of these parties were claiming an interest in the proceeds from SLM, including Plaintiff Law Funder. On March 5, 2009, The Law Funder, L.L.C. filed its intervention.

F. In or about May 2011, Law Funder retained the services of Defendants to represent them in the Garcia Divorce Case.

G. At the time, Judge Contreras was the presiding judge on the Garcia Divorce Case.

H. On or about April 30, 2012, Douglas Allison, Esq., an attorney and intervenor-defendant in the Garcia Divorce Case filed a motion to disqualify and/or recuse Judge Contreras on the basis that there was a business relationship between Law Funder's attorney, Defendants Muñoz, and Judge Contreras.

I. The Petitioner in the Garcia Divorce Case, Maria de Jesus Garcia, also filed a motion to recuse Judge Contreras on or about April 30, 2012.

J. Defendants opposed the motions to disqualify and recuse Judge Contreras.

K. A hearing was held before Senior District Judge, Dick Alcala on or about July 2, 2012 to address the motions to disqualify and recuse Judge Contreras.

L. At this hearing, the Court ruled that Judge Contreras was disqualified from hearing the Garcia Divorce Case pursuant to rule 18b(a)(1) because of the corporate association with Defendant Sergio Muñoz, Jr., that was in existence when they were lawyers together and continued through the time Muñoz appeared for Law Funder.

M. Judge Alcala further disqualified Judge Contreras pursuant to Rule 18b(a)(2) because Judge Contreras arguably had an interest in the subject matter of the litigation and the Court resolved that doubt in favor of disqualification.

N. On or about July 6, 2012, Judge Alcala entered an Order disqualifying Judge Contreras.

O. On or around this date, a motion for reconsideration was filed by counsel for the court-appointed receivers in the Garcia Divorce Case.

P. This motion was joined by counsel for Law Funder.

Q. Upon information and belief, the motion for reconsideration was subsequently denied.

R. On or about July 13, 2012, counsel for Wilfrido Garcia, filed a petition for a Writ of Mandamus.

S. The petition for a Writ of Mandamus was denied in late December 2012.

T. Defendants continued their representation of Plaintiff throughout this time.

U. On or about June 13, 2013, an Order was entered by the Court voiding and nullifying all orders signed by Judge Contreras from April 2009 through his disqualification on July 2, 2012.

V. On or about December 22, 2009, in response to a request by Mr. Munoz on behalf of The Law Funder, L.L.C., Judge Contreras executed an order to release funds in custody of the court in the amount of $416,828.45 to Law Funder, LLC. Such funds were paid pursuant by Hidalgo County District Clerk Laura Hinojosa, Special Account

6

      Registry Fund, Check No. R01769,1 dated December 22, 2009, in the amount of

      $416,778.45 and made payable to the Law Funder, Inc.

**7. Contested Issues of Fact**

    A.    Whether Defendants proximately caused any damage to Plaintiff.

    B.    Whether Plaintiff paid or incurred any attorney's fees for representation in the underlying suit that were proximately caused by Defendants' negligence.

    C.    What is the actual amount of money, if any, that The Law Funder, L.L.C. would have recovered and collected in the underlying lawsuit but for the disqualification of Judge Contreras.

**8. Agreed Applicable Propositions of Law**

  A.  The remedy for legal malpractice under Texas law is compensatory damages, the goal of which is to put the plaintiff "in a position substantially equivalent in a pecuniary way to that which he would have occupied had no tort been committed." *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 122 (Tex. 2009) (quoting Restatement (Second) of Torts § 903 cmt. a (Am. Law Inst. 1977)).

  B.  State substantive law applies. *See, e.g.*, *Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017).

  C.  A default judgment establishes the defendant's liability but not the quantity of damages. *United States ex rel. M-CO. Constr., Inc. v. Shipco Gen., Inc.*, 814

F.2d 1011, 1014 (5th Cir. 1987). Thus, while the default judgment established that Munoz proximately caused Law Funder *some* harm, the district court must apply Texas law to determine the quantity of those damages. *Cf. id.* at 1016 (remanding defaulted contract claim for new damages calculation because default judgment established plaintiff performed but not whether plaintiff substantially performed, affecting particular damages plaintiff could recover under Texas law). And as already established, proximate cause is a necessary component of the damages calculation under Texas law. *See Akin, Gump*, 299 S.W.3d at 122. The issue in this trial is whether Munoz's negligence proximately caused the specific damages Law Funder claims.

**9.**     **Contested Issues of Law**

Plaintiff contends:

None at this time.

Defendant contends:

None at this time.

**10.**     **Exhibits**

Please see separately filed Exhibit Lists.

**11.**     **Witnesses**

Please see separately filed Witness Lists.

**12.** **Settlement**

The parties attended mediation but this case could not be settled.

**13.** **Trial**

This will be a jury trial. The parties estimate that the trial will last approximately three (3) days.

**14.** **Attachments for Jury Trial**

(1) Proposed questions for the voir dire examination.

(2) Proposed charge, including instructions, definitions, and special

interrogatories, with authority.

Date: _____

**United States District Judge**

Approved:

J. Francisco Tinoco
Attorney-in-Charge, Plaintiff

John Carroll
Attorney-in-Charge, Defendant