**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| THE LAW FUNDER, LLC, | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-00981 |
| | § | |
| SERGIO MUNOZ, JR., and | § | |
| LAW OFFICES OF SERGIO | § | |
| MUNOZ, JR, P.C. | § | |
| Defendants | § | |

**DEFENDANTS' PRETRIAL ORDER SUBMISSION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

Now come Sergio Munoz, Jr., and Law Offices of Sergio Munoz, Jr., P.C., Defendants in the above numbered and entitled cause and hereby file their Pretrial Order Submission as follows:

The following Documents are attached:

1.      Defendants' Exhibit List;

2.      Defendants' Witness List;

3.      Defendants' Proposed Jury Instructions, Definitions and Questions;

4.      Joint Jury Questionnaire-Defendant's requested jury voir dire questions are questions 1-34 in the Joint Questionnaire.


Respectfully submitted,


*/s/ Francisco J. Rodriguez*

1

Francisco J. Rodriguez
State Bar No. 17145800
LAW OFFICE OF FRANCISCO J.
RODRIGUEZ
1111 W. Nolana Ave.
McAllen, Texas 78504
Telephone: (956) 687-4363
Facsimile: (956) 687-6415
frankr@mcallenlawfirm.com

Attorney in Charge

John F. Carroll
111 West Olmos Drive
San Antonio, Texas 78212
(210) 829-7183-Phone
(210) 829-0734-Fax
jcarrollsatx@gmail.com
State Bar No. 03888100
Federal I.D # 12265

Of Counsel

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing

Document was served via electronic notification through the CM/ECF system to:

Mr. Juan Francisco Tinoco
LAW OFFICE OF J.F. TINOCO
200 S. 10th Street, Suite 802
McAllen, Texas 78501
Attorney for the Plaintiff

on this the 12th   day of February 2021.

*/s/ Francisco J. Rodriguez*
Francisco J. Rodriguez

○AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

### DISTRICT OF

## EXHIBIT AND WITNESS LIST

V.

Case Number:

| PRESIDING JUDGE | | | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|---|---|---|
| TRIAL DATE (S) | | | | | COURT REPORTER | COURTROOM DEPUTY |
| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

AO 187A (Rev. 7/87)            **EXHIBIT AND WITNESS LIST – CONTINUATION**

| | | VS. | | | CASE NO. |
|---|---|---|---|---|---|

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Page _____ of _____ Pages

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| THE LAW FUNDER, LLC, | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-00981 |
| | § | |
| SERGIO MUNOZ, JR., and | § | |
| LAW OFFICES OF SERGIO | § | |
| MUNOZ, JR, P.C. | § | |
| Defendants | § | |

**<u>DEFENDANTS' WITNESS LIST</u>**

Defendant reserves the right to call the following witnesses:

1.      Thomas G. Rayfield
        1300 North 10th Street, Ste. 300
        McAllen , Texas 78501
        956-994-1155
        Expert Witness

Qualifications. Mr. Rayfield is an attorney licensed to practice law in the State of Texas and State of New York. He obtained his license in Texas in 1988, and his New York law license in 2011. He is board certified in legal professional liability by the American Board of Professional Liability Attorneys (ABPLA). The ABPLA is accredited by the American Bar Association and the Texas Board of Legal Speciation to certify attorneys in the area of professional liability, legal and medical. He has been so certified since January 2011. In addition, he serves as Secretary of the Board of Governors of the American Board of Professional Liability of Attorneys.

Mr. Rayfield began practicing law in Houston in 1988. In 1998, he relocated his practice to Hidalgo County, Texas. For the past 21 years he has practiced law in and around Hidalgo County, Texas. During that time period he has been retained to defend attorneys in legal malpractice, and grievance cases. In addition, he has advised attorneys on legal malpractice, grievance and ethical issues. He has been called upon to serve as an expert witness in several cases.

He will testify to the matters in his July 15, 2020 report. He will testify to his opinions regarding Plaintiff's damages claims.

1

2.      Sergio Munoz, Jr.
        c/o Francisco Rodriguez
        State Bar No. 17145800
        LAW OFFICE OF FRANCISCO J. RODRIGUEZ
        1111 W. Nolana Ave.
        McAllen, Texas 78504
        Telephone: (956) 687-4363
        Facsimile: (956) 687-6415
        frankr@mcallenlawfirm.com

        Will testify regarding his knowledge of the facts of the case, results obtained for
Plaintiff in underlying lawsuit, statements and representations made by Plaintiff and its
representatives.

3.      Ray Thomas
        4900 N. 10th Street, Ste. B
        McAllen, Texas 78504
        956-632-5033

        Will testify regarding his knowledge of acts and conduct of Plaintiff and its
representatives in the underlying lawsuit, events in the underlying lawsuit.

4.      George Prussin
        c/o Mr. Juan Francisco Tinoco
        LAW OFFICE OF J.F. TINOCO
        200 S. 10th Street, Suite 802
        McAllen, Texas 78501
        Attorney for the Plaintiff

        Will testify regarding events in underlying lawsuit, activities of Plaintiff,
his litigation history.

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| THE LAW FUNDER, LLC, | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-00981 |
| | § | |
| SERGIO MUNOZ, JR., and | § | |
| LAW OFFICES OF SERGIO | § | |
| MUNOZ, JR, P.C. | § | |
| Defendants | § | |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS, DEFINITIONS AND**
**QUESTIONS**

## I.   INSTRUCTIONS

3.1 Jury Charge

MEMBERS OF THE JURY: It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be. If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict. You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph. The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be

1

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

3.2 Burden of Proof: Preponderance of The Evidence

Plaintiff has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.

3.3 Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

3.4 Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves. Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony. You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

3.5 Expert Witnesses

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

3.6 No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

3.7 Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Alternate 1: Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

Alternate 2: Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case. If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose

to anyone, not even to me, your numerical division on any question. You may now proceed to the jury room to begin your deliberations.

Authority: 5th Circuit Pattern Jury Instructions, 3.1-3.7

## II.   DEFINITIONS

"PROXIMATE CAUSE," when used with respect to the conduct of Defendants, means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that an attorney using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.

Texas Pattern Jury Charges 60.1

Cosgrove v. Grimes, 774 S.W.2d 662, 665 (Tex. 1989).

The "UNDERLYING LAWSUIT" means the Texas state court divorce proceeding in Cause No. F-551-05-K; *In the Matter of the Marriage of Maria de Jesus Garcia and Wilfrido Garcia*; 449th District Court of Hidalgo County, Texas.

## III.   QUESTIONS

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff, The Law Funder, L.L.C. for its loss, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Plaintiff. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

1.      The difference, if any, between the amount that Plaintiff recovered and collected in the underlying lawsuit and the amount it would have recovered and collected if state court Judge Contreras had not been disqualified by order of the court.

ANSWER:_____

2.      Reasonable and necessary attorney's fees incurred by Plaintiff for legal services proximately caused by the negligence of Defendants. Do not include any attorney's fees incurred for the prosecution of this claim against Defendants.

ANSWER:_____

4

Texas Pattern Jury Charge 84.3, 84.4; Cosgrove v. Grimes, 774 S.W.2d 662, 666 (Tex. 1989); *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 122 (Tex. 2009)

# **JURON QUESTIONNAIRE**

1.  NAME:_____

2.  AREA, NEIGHBORHOOD OR COMMUNITY IN THIS DISTRICT WHERE YOU CURRENTLY
    RESIDE:_____

3.  PLEASE STATE WHETHER YOU OWN_____ OR RENT_____ YOUR RESIDENCE.

4.  AREA, NEIGHBORHOOD OR COMMUNITY WHERE YOU HAVE RESIDED IN THE PAST 10
    YEARS:_____

5.  PLEASE STATE THE HIGHEST LEVEL OF EDUCATION YOU HAVE COMPLETED:

    _____ GRADE SCHOOL OF LESS                _____ SOME COLLEGE

    _____ SOME HIGHT SCHOOL                   (MAJOR):_____

    _____ HIGH SCHOOL GRADUATE                _____ COLLEGE GRADUATE

    _____ OTHER (PLEASE EXPLAIN)              (MAJOR):_____

    _____                  _____ POSTGRADUATE STUDY

    _____                  (MAJOR):_____

    _____                  _____ TECHNICAL, VOCATIONAL OR BUSINESS

                                               SCHOOL

                                               (MAJOR):_____

6.  IF YOU PLAN TO OR ARE CURRENTLY ATTENDING SCHOOL, PLEASE DESCRIBE:

    _____

    _____

7.  IF YOU HAVE TAKEN ANY COURSES OR HAD ANY TRAINING IN LAW OR A RELATED SUBJECT,
    PLEASE DESCRIBE:

    _____

    _____

8.  EDUCATIONAL BACKGROUND OF ANY OTHER ADULT WHO LIVES IN
    YOUR HOME, INCLUDING ANY DEGREES OR CERTIFICATES EARNED:

    _____

    _____

9.  YOUR PRESENT EMPLOYMENT STATUS (CHECK ALL THAT APPLY):

1

_____ EMPLOYED FULL-TIME  _____ RETIRED  _____ UNEMPLOYED, LOOKING FOR WORK

_____ EMPLOYED PART-TIME  _____ STUDENT  _____ UNEMPLOYED, NOT LOOKING FOR WORK

_____ EMPLOYED AT HOME

10.   YOUR CURRENT OR MOST RECENT OCCUPATION:

_____

11.   NAME OF YOUR CURRENT OR MOST RECENT EMPLOYER, OR IF A STUDENT, YOUR SCHOOL:

_____

_____

12.   WHAT ARE YOUR DUTIES AND RESPONSIBILITIES ON THE JOB?

_____

_____

13.   ALL OTHER EMPLOYMENT YOU HAVE HAD (AND FOR HOW LONG):

_____

_____

_____

_____

14.   ALL FULL-TIME EMPLOYMENT OF YOUR SPOUSE OR ANY PERSON WITH WHOM YOU HAVE A SIGNIFICANT PERSONAL RELATIONSHIP (AND FOR HOW LONG):

_____

_____

_____

_____

15.   IF YOU HAVE CHILDREN, PLEASE STATE THE FOLLOWING (INCLUDING ANY CHILDREN WHO DO NOT CURRENTLY LIVE WITH YOU):

| SEX | AGE | DOES CHILD LIVE WITH YOU? | EDUCATION | OCCUPATION |
|-----|-----|---------------------------|-----------|------------|
| ___ | ___ | _____ | _____ | _____ |
| ___ | ___ | _____ | _____ | _____ |
| ___ | ___ | _____ | _____ | _____ |

2

___   ___   _____   _____   _____

___   ___   _____   _____   _____

16,     IF YOU OR YOUR CURRENT SPOUSE OR ANY PERSON WITH WHOM YOU HAVE A  SIGNIFICANT
        PERSONAL RELATIONSHIP HAS EVER SERVED IN THE MILITARY, PLEASE LIST FOR EACH, THE
        BRANCH OF SERVICE AND DATES OF SERVICE:

        _____

        _____

17.     WHAT SOCIAL, CIVIC, PROFESSIONAL, TRADE OR OTHER ORGANIZATIONS ARE YOU AFFILIATED
        WITH?

        _____

        _____

18.     DESCRIBE ANY OFFICES YOU HAVE HELD IN ORGANIZATIONS LISTED ABOVE:

        _____

        _____

19.     ON HOW MANY CASES HAVE YOU PREVIOUSLY SERVED ON A JURY?        _____

        WHERE DID YOU SERVE ON A JURY (STATE AND COUNTY)?        _____

        STATE OR FEDERAL COURT?_____

        WHAT KIND OF CASES DID YOU HEAR WHILE SERVING ON A JURY?_____

        _____

        _____

        IN HOW MANY OF THOSE CASES DID YOU REACH A VERDICT?_____

        IN HOW MANY OF THOSE CASES DID YOU SERVE AS THE JURY FOREPERSON OR
        PRESIDING JUROR? _____

        WAS YOUR JURY SERVICE A PSOTIVE OR NEGATIVE EXPERIENCE?_____

        _____

20.     HAVE YOU EVER BEEN A PARTY OR A WITNESS IN A CIVIL OR CRIMINAL CASE?_____

        IF SO, WHAT WAS YOUR ROLE AND WHAT KIND OF CASE? _____

        _____

3

21.  IF YOU PERSONALLY KNOW ANY JUDGES OR ATTORNEYS OR COURT PERSONNEL, WHAT ARE THEIR NAMES AND RELATIONSHIP TO YOU?

_____

_____

22.  DESCRIBE ANY PROBLEM (VISION, HEARING OR OTHER MEDICAL PROBLEMS) THAT MAY AFFECT YOUR JURY SERVICE:

_____

_____

23.  HAS ANYONE CLOSE TO YOU EVER MADE ANY TYPE OF CLAIM FOR DAMAGES, EXPLAIN?

_____

_____

24.  IF A CLAIM FOR MONEY OR DAMAGES HAS EVER BEEN MADE AGAINST YOU OR ANYONE CLOSE TO YOU, EXPLAIN THE CIRCUMSTANCES:

_____

_____

_____

_____

25.  IF YOU OR ANYONE CLOSE TO YOU HAS EVER SUED OR BEEN SUED IN ANY TYPE OF LAWSUIT, EXPLAIN:

_____

_____

_____

_____

26.  DO YOU FEEL THAT MONEY DAMAGES AWARDED IN LAWSUITS ARE (CHECK ONE):

\_\_\_\_\_  EXCESSIVE                          \_\_\_\_\_  OCCASIONALLY TOO LOW

\_\_\_\_\_  OFTEN TOO LARGE                    \_\_\_\_\_  OFTEN TOO LOW

\_\_\_\_\_  ABOUT RIGHT                        \_\_\_\_\_  OTHER (SPECIFY): _____

_____

4

27.     IS THERE ANY MATTER NOT COVERED BY THIS QUESTIONNAIRE THAT COULD AFFECT YOUR `ABILITY TO BE A FAIR AND IMPARTIAL JUROR, EXPLAIN:

_____

_____


28.     DO YOU KNOW ANY OF THE POTENTIAL WITNESSES IN THIS CASE?

[List names of witnesses here]

_____

_____


29.     DO ANY OF YOU KNOW ANY OF THE LAWYERS IN THIS CASE?  HAS ANYONE IN THEIR OFFICE EVER REPRESENTED YOU OR BROUGHT ANY ACTION AGAINST YOU?

YES _____                   NO_____

EXPLANATION: _____

_____

_____


30.     DO YOU HAVE ANY FAMILIAL, SOCIAL, RELIGIOUS, FRIENDSHIP, BUSINESS OR OTHER TYPE OF RELATIONSHIP WITH ANY OF THE PARTIES, LAWYERS OR WITNESSES IN THIS CASE?

YES _____                   NO_____

EXPLANATION: _____

_____

_____


31.     A PLAINTIFF IS A PERSON OR CORPORATION OR OTHER ENTITY WHO HAS INITIATED A LAWSUIT.

DO YOU HAVE BIAS AGAINST A PLAINTIFF SIMPLY BECAUSE HE OR SHE HAS BROUGHT A LAWSUIT?

YES_____                  NO_____

IF YES
EXPLAIN:_____
_____
_____


5

32.	A PLAINTIFF OR A DEFENDANT MAY BE A PERSON OR ENTITY FROM OUTSIDE OF THIS AREA OR OUTSIDE OF THE STATE OF TEXAS. DO YOU HAVE A BIAS AGAINST A PARTY SIMPLY BECAUSE THEY ARE NOT FROM THIS AREA?

YES_____		NO_____

IF YES
EXPLAIN:_____
_____
_____

33.	A WITNESS MAY BE A PERSON FROM OUTSIDE OF THIS AREA OR OUTSIDE OF THE STATE OF TEXAS. DO YOU HAVE A BIAS AGAINST A WITNESS SIMPLY BECAUSE THEY ARE NOT FROM THIS AREA?

YES_____		NO_____

IF YES
EXPLAIN:_____
_____
_____

34.	HAVE YOU, OR A FAMILY MEMBER, OR CLOSE PERSONAL FRIEND, EVER HAD ANY EXPERIENCE, EITHER GOOD OR BAD, WITH A LAWYER OR ATTORNEY THAT WOULD MAKE IT DIFFICULT FOR YOU TO SIT AS AN IMPARTIAL JUROR IN THIS MATTER?

YES_____		NO_____

IF YES
EXPLAIN:_____
_____
_____

35.	IF THE LAW AND THE EVIDENCE WARRANTED, COULD YOU AWARD DAMAGES FOR THE PLAINTIFF EVEN IF YOU FELT SOME SYMPATHY FOR THE DEFENDANT?

YES_____		NO_____

IF NO
EXPLAIN:_____
_____
_____

36.	IF THE ISSUE OF NEGLIGENCE OR LIABILITY HAS ALREADY BEEN DECIDED IN A CASE (I.E., FAULT), WOULD YOU BE ABLE TO FOCUS SOLELY ON THE ISSUE OF THE AMOUNT OF DAMAGES WITHOUT RE-CONSIDERING THE ISSUE OF NEGLIGENCE (FAULT)?

YES_____		NO_____

IF NO
EXPLAIN:_____

_____

_____

37. HAVE YOU OR ANYONE IN YOUR FAMILY VOTED FOR, MADE A CAMPAIGN CONTRIBUTION TO, OR OTHERWISE SUPPORTED MR. SERGIO MUNOZ, JR. IN HIS CAMPAIGNS FOR STATE REPRESENTATIVE IN THE STATE OF TEXAS?

YES_____                 NO_____

IF YES
EXPLAIN:_____

_____

_____

38. DOES MR. SERGIO MUNOZ, JR. REPRESENT YOUR DISTRICT IN THE STATE LEGISLATURE?

YES_____                 NO_____            I DON'T KNOW _____

39. DO YOU BELIEVE THAT STATE LEGISLATORS SHOULD BE HELD TO A HIGHER / LOWER / SAME LEGAL STANDARD THAN THE AVERAGE PERSON IN THE COMMUNITY?

HIGHER_____        LOWER_____        SAME_____

EXPLAIN:_____

_____

_____

40. WOULD YOU BE ABLE TO HOLD A STATE LEGISLATOR FULLY ACCOUNTABLE FOR ANY ECONOMIC DAMAGES THEY CAUSED AS A RESULT OF THEIR NEGLIGENCE?

YES_____                 NO_____

IF NO
EXPLAIN:_____

_____

_____

41. DO YOU BELIEVE THAT ATTORNEYS SHOULD BE HELD TO A HIGHER / LOWER / SAME LEGAL STANDARD THAN THE AVERAGE PERSON IN THE COMMUNITY?

HIGHER_____        LOWER_____        SAME_____

EXPLAIN:_____

_____

_____

42. DO YOU BELIEVE THAT DECIDING AN AWARD OF DAMAGES IN THIS LEGAL MALPRACTICE CASE AGAINST MR. SERGIO MUNOZ, JR. AND HIS LAW FIRM WOULD AFFECT YOU OR HURT YOU IN ANY WAY, INCLUDING IN YOUR JOB, FAMILY OR POLITICALLY?

YES_____                    NO_____

IF YES
EXPLAIN:_____
_____
_____

43.    IS THERE ANYTHING THAT YOU MAY HAVE READ IN THE PRINT MEDIA, TELEVISION OR ON THE
       INTERNET REGARDING THIS CASE THAT WOULD PREVENT YOU FROM DECIDING THIS CASE FAIRLY
       AND IMPARTIALLY ON THE FACTS AND EVIDENCE PRESENTED?

       YES_____                    NO_____

       IF YES
       EXPLAIN:_____
       _____
       _____

44.    IF THE LAW AND EVIDENCE WARRANTED, WOULD YOU BE ABLE TO RENDER A VERDICT IN FAVOR
       OF THE PLAINTIFF OR DEFENDANT REGARDLESS OF ANY SYMPATHY YOU MAY HAVE FOR EITHER
       PARTY?

       YES_____                    NO_____

       IF NO
       EXPLAIN:_____
       _____
       _____

45.    BASED ON WHAT HAS BEEN TOLD TO YOU, IS THERE ANYTHING ABOUT THE CASE OR THE NATURE
       OF THE CLAIM ITSELF, THAT WOULD INTERFERE WITH YOUR ABILITY TO BE FAIR AND IMPARTIAL
       AND TO APPLY THE LAW AS INSTRUCTED BY THE COURT?

       YES_____                    NO_____

       IF NO
       EXPLAIN:_____
       _____
       _____