Case 7:14-cv-00981   Document 187   Filed on 09/16/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 16, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THE LAW FUNDER, L.L.C., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 7:14-cv-00981 |
| SERGIO MUÑOZ, JR., and LAW § | |
| OFFICES OF SERGIO MUÑOZ, JR., P.C. § | |
| d/b/a The Muñoz Law Firm, § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

The Court now considers the issue of fee forfeiture in this case. The Fifth Circuit vacated this Court's award of damages and remanded this case for a new trial, which was held on August 15-16, 2022.[1] There, the Jury returned a verdict of damages in favor of Plaintiff.[2] Upon receipt of the Jury's verdict, Plaintiff moved for judgment in its favor and also moved for fee forfeiture in the amount of $21,230.61 that it paid to Defendants for Mr. Muñoz' services. The Court now addresses that issue.

On appeal, the Fifth Circuit stated that its "opinion should not be read to prevent Law Funder from recovering as a fee forfeiture the $ 21,230.61 it paid Munoz for his services in the Garcia divorce. Texas law authorizes fee forfeiture as independent damages for breach of fiduciary duty regardless of causation."[3] As the Texas Supreme Court has held, and the Fifth Circuit has adopted, "[a] client does not have to prove either causation or injury to be entitled to a fee forfeiture

---

[1] *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753 (5th Cir. 2019), as revised (June 6, 2019).
[2] Dkt. No. 183.
[3] *L. Funder, L.L.C.,* 924 F.3d at 762 (5th Cir. 2019), as revised (June 6, 2019)(citing *Liberty Mut. Ins. Co. v. Gardere & Wynne, L.L.P.*, 82 Fed. Appx. 116, 120 (5th Cir. 2003)(unpublished); *Burrow v. Arce*, 997 S.W.2d 229 (Tex. 1999)).

as a remedy for an attorney's breach of fiduciary duty."[4] Thus, the "amount of the fee to be forfeited is a question for the court, not a jury."[5] However, the forfeiture is not automatic and not necessarily complete.[6] To grant an automatic complete forfeiture would run awry of the foundation of the agent/principal relationship. As the Texas Supreme Court stated in *Burrow*,

> [i]t would be inequitable for an agent who had performed extensive services faithfully to be denied all compensation for some slight, inadvertent misconduct that left the principle unharmed, and the threat of so drastic a result would unnecessarily and perhaps detrimentally burden the agent's exercise of judgment in conducting the principal's affairs.[7]

Thus, the remedy of fee forfeiture is reserved for "clear and serious" violations of duty.[8] The *Restatement (Third) of The Law Governing Lawyers* states: "A violation is clear if a reasonable lawyer, knowing the relevant facts and law reasonably accessible to the lawyer, would have known that the conduct was wrongful."[9] Further, "[a] lawyer is not entitled to be paid for services rendered in violation of the lawyer's duty to a client or for services needed to alleviate the consequences of the lawyer's misconduct."[10] Thus, "[o]rdinarily, forfeiture extends to all fees for the matter for which the lawyer was retained . . . ."[11] However, "[s]ometimes forfeiture for the entire matter is inappropriate, for example when a lawyer performed valuable services before the misconduct began, and the misconduct was not so grave as to require forfeiture for all services."[12]

The factors outlined in the restatement are, "the gravity and timing of the violation, its willfulness, its effect on the value of the lawyer's work for the client, any other threatened or actual harm to the client, and the adequacy of other remedies."[13] Further, the Texas Supreme Court adds,

---

[4] *Liberty Mut. Ins. Co.* 82 Fed. Appx. at 121 (citing *Burrow,* 997 S.W.2d at 240).
[5] *Burrow,* 997 S.W.2d at 232
[6] *Id*. at 241.
[7] *Id.*
[8] *Id.*
[9] *Id*. (citing RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 49).
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.* at 243.

and places great weight on "the public interest in maintaining the integrity of attorney-client relationships."[14] Phrased another way, "the extent to which the attorney's or firm's conduct offends a public sense of justice and propriety."[15]

This approach is reinforced by the *Restatement (Second) of Agency* which provides that:

> An agent is entitled to no compensation for conduct which is disobedient or which is a breach of his duty of loyalty; if such conduct constitutes a wilful and deliberate breach of his contract of service, he is not entitled to compensation even if properly performed services for which no compensation is apportioned.[16]

The necessary factual disputes in this case have now been settled. Thus, the Court is left with determining "whether the attorney's conduct was a clear and serious breach of duty to his client and whether any of the attorney's compensation should be forfeited, and if so, what amount."[17] The Court holds that Sergio Muñoz Jr.'s conflict of interest resulting in the disqualification of Judge Contreras rises to the level of a clear and serious breach of duty to his client, The Law Funder, LLC. Further, the Court finds that the entire fee amount of $21,230.61 should be forfeited, most importantly due to the strong public interest in maintaining the integrity of attorney-client relationships.

A separate final judgment outlining the specific terms in accordance with Federal Rule of Civil Procedure 58(a) to follow.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of September 2022.

_____
Micaela Alvarez
United States District Judge

---

[14] *Id.* at 244.
[15] *Id.*
[16] *Id.* (citing RESTATEMENT (SECOND OF AGENCY) § 469 (1958)).
[17] *Id.* at 246.